CARROLL, DONALD K., Acting Chief Judge.
A petitioner for letters of administration in a decedent’s estate has appealed from an order entered by the County Judge’s Court for Columbia County denying her petition.
The sole question presented for our determination in this appeal is, as phrased by the appellant in her brief: “Whether the court erred in ruling as a matter of law that failure of the person entitled to preference in the appointment of an administrator to assert that preference by objecting to the appointment of a third party as administrator, bars that same person from being entitled to preference in the appointment of an administrator de bonis non upon the death of the original administrator.”
The record before us establishes the following factual background to that question:
J. C. Marsh, the decedent whose estate is involved in this appeal, died intestate on October 5, 1938 leaving surviving his widow, Zada Marsh, the appellant herein, and two children, C. W. Marsh and the appellee Allie M. Oosterhoudt. Twenty days later the two children filed a petition for letters of administration in which they alleged the necessary requisites and admitted that the appellant was entitled to preference as the decedent’s widow but alleged that she had failed to seek such appointment. The said petitioners prayed that C. W. Marsh be appointed administrator of the estate. A citation, together with a copy of the said citation, was served upon the appellant, who filed her answer thereto alleging that the decedent had resided and been domiciled in Duval County, Florida, instead of the said Columbia County, and that she had filed her own petition for letters of administration in the County Judge’s Court of Duval County, because the latter court was the correct court to administer the decedent’s estate. Late in 1938 Oosterhoudt and C. W. Marsh secured the dismissal of their said petition, and in 1940 they refiled substantially the same petition, the only difference from the previous petition being a reduction in the estimated value of the assets of the decedent from $10,000 to $500. A citation of the petition was again served upon the appellant, but she failed to reply or appear in response to the new petition.
Pursuant to this second and unopposed petition, C. W. Marsh, on March 7, 1940, was appointed by the County Judge’s Court for Columbia County as the administrator of the decedent’s estate. The said Marsh executed the form oath, posted bond, received his letters of administration, and filed a notice to creditors, which was duly published. Only one claim was filed against the estate — for $117,758.79. The appraisers’ report was filed, valuing the estate at $346.25.
Twenty-seven years later, on February 16, 1967, the appellant filed in the County *508 Judge’s Court of Columbia County a suggestion of death and petition for letters of administration, alleging that the original administrator, C. W. Marsh, had died in 1945, leaving the administration of the estate uncompleted; and that she, as the surviving widow of the decedent, desired to be appointed administrator de bonis non. To this petition the appellee Oosterhoudt filed objections and also filed a petition that she, the said appellee, be issued letters of administration de bonis non.
On April 27, 1967, the County Judge’s Court of Columbia County entered the order appealed from herein, denying both the appellant’s and the said appellee’s petition for letters of administration de bonis non and appointing one D. B. Odom as the administrator de bonis non of the said estate. In denying the appellant’s said petition, the court said that it found “as a matter of law that said Petitioner is disqualified by lack of interest in these proceedings for 27 years and by virtue of the fact that said Petitioner made no appearance in these proceedings in response to the citation issued herein and addressed to her on the 13th day of February, A.D.1940.”
Section 732.44, Florida Statutes, F.S.A., provides in pertinent part that, in the granting of letters of administration in decedents’ estate: “The surviving spouse shall first be entitled to letters. * * * The next of kin, at the time of the death of the decedent, shall next be entitled to letters. * * * ” In her brief the appellant concedes that this preference statute “is silent as to the preference to be given in the issuance of Letters of Administration De Bonis Non.”
Redfearn in his scholarly “Wills and Administration of Estates in Florida,” 3rd Ed., Vol. 1, Sec. 260, page 476, states the following as the rule applicable in this state:
“An administrator de bonis non or an administrator with the will annexed need not be appointed in accordance with the rules pertaining to preference in granting letters of administration on intestate estates, but the county judge may use his own discretion as there is no statute prescribing whom a county judge must prefer in appointing a personal representative to complete the administration of an estate.”
Another approach to the judicial problem before us is to attempt to ascertain the intent of the State Legislature in enacting the preference statute, Section 732.44, Florida Statutes, F.S.A. Subdivision (6) thereof, while not directly pertinent in the present consideration, provides:
“After letters of administration have been granted, if any person who is entitled to preference over the person appointed and upon whom citation was not served and who has not waived his preference seeks the appointment, letters granted may be revoked, and such person may have letters of administration granted to him after citation and hearing upon his application.”
In the situation contemplated by subdivision (6) above, the person with the preference is entitled to the letters only if both of two conditions occur: (a) a citation was not served upon him; and (b) he has not waived his preference. Similar conditions were apparently in the court’s mind in entering the order appealed from herein, holding that the appellant had been duly served with the citation concerning the petition that C. W. Marsh be appointed administrator and had waived her objections to such appointment and waived her preference rights by waiting 27 years before seeking to enforce her preference rights. We think that this holding is sound under the law of Florida and that, even if she had a preference right to letters of administration de bonis non, she lost that right by waiver.
For the foregoing reasons the order appealed from must be and it is
Affirmed.
JOHNSON and SPECTOR, JJ., concur.